UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES OF AMERICA,

                      Plaintiff,

- against -

JESUS JUAREZ,

                      Defendants.

----------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CR-59 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

Defendant Jesus Juarez was indicted on January 19, 2012 on one count of producing child pornography, in violation of 18 U.S.C. § 2251(a).  Before the Court is Juarez's motion to suppress evidence recovered from his cell phone on the grounds that it was obtained pursuant to a search warrant that violated the particularity requirement of the Fourth Amendment.  Juarez also seeks suppression of all other evidence in this case under the "fruit of the poisonous tree" doctrine.  (Doc. No. 18.)  The government filed a memorandum in opposition to the motion, (Doc. No. 19), to which Juarez replied, (Doc. No. 20).  For the reasons stated below, the motion is denied.

**BACKGROUND**[1]

On August 5, 2011, a New York City police officer observed Juarez as he set his cell phone to make a video recording, placed it in the mesh pocket of his backpack, and placed the

---

[1] Juarez and the government agree upon the relevant facts.  Therefore, the Court did not hold an evidentiary hearing, and will accept, as true, the defendant's recitation of the facts.  *See In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 157, 165 (2d Cir. 2008) (explaining that a hearing on a motion to suppress is required only when there are "contested issues of fact going to the validity of the search in question"); *United States v. Graziano*, 558 F. Supp. 2d 304, 309 n.2 (E.D.N.Y. 2008) (noting that a hearing on a motion to suppress was unnecessary because the parties did not dispute the relevant facts and "the Court determined that the legal issue could be decided upon the defendant's undisputed version of the facts").

backpack between the legs of women wearing dresses or skirts, without their knowledge, in the vicinity of Union Square Park in Manhattan. The observing officer arrested Juarez and recovered his cell phone, a Sprint HTC cellular telephone, model PC36100. (Compl. ¶ 3 (Doc. 1); Ex. A to Weil Decl. (Doc. 18-3).) The cell phone was in video-record mode when it was seized. (Compl. ¶ 3.) Juarez was subsequently charged with unlawful surveillance in the second degree, in violation of N.Y. Penal Law § 250.45(4). (*Id.* ¶ 4.)

The state authorities obtained a warrant to search Juarez's cell phone. The warrant authorized a search for:

> evidence tending to demonstrate the commission of Unlawful Surveillance in the Second Degree, P.L. § 250.45(4), in the vicinity of 4th Avenue and 14th Street, New York, New York, and the commission of related crimes, and conspiracy to commit those crimes, such evidence including but not limited to the numbers assigned to the below-described electronic device, any numbers, digits, letters and symbols stored in the memory of said device, as well as any digital photographs and video recordings taken and stored in the memory of said Target Cellphone, may be found within electronic device recovered by the New York City Police Department: (i) Spring HTC Cellular Telephone, model PC36100, with serial number HT48HL10995.

(Ex. B to Weil Decl. (Doc. 18-4).) Authorities executed the search warrant, and found a series of images depicting a seven-year-old female lying face down on a bed, showing her underwear and bare legs. One image depicts an adult male hand pushing aside the minor's underwear and revealing her vagina. (Compl. ¶ 5.) One of these images, contained in the file named "dcim\.thumbnails\(8)-1744108214-s=37530448-fH=274-gH=160-mode=20-AG=0,=", is the basis for the sole count in the federal indictment against Juarez. (Indictment ¶ 1 (Doc. 7).)

After finding these images and having probable cause to believe Juarez committed child pornography offenses, local authorities obtained a second warrant to search Juarez's cell phone for additional images of child pornography. (Ex. C to Weil Decl. (Doc. 18-5).) They also obtained a third warrant to search Juarez's home for child pornography. (Ex. D to Weil Decl.

(Doc. 18-6).)  Local authorities arrested Juarez when they executed the warrant to search his home.  (Compl. ¶ 6; Juarez Decl. ¶ 2 (Doc. 18-2).)  During his arrest, he made "admissions about having taken the photo identified in the indictment." (*Id*.)  An agent with the Department of Homeland Security then interviewed Juarez while he was detained at the Brooklyn Advocacy Center.  (Compl. ¶ 7.)  During the interview, Juarez admitted to having taken the photo referenced in the indictment.  (*Id*.)  After inspecting a copy of the photo, Juarez signed it, indicating that he took the photo.  (*Id*.)  Juarez also admitted to having taken similar photos of the same minor on four to five occasions.  (*Id*.)

The federal indictment filed on January 19, 2012 charges Juarez with one count of inducing, enticing and coercing a minor to engage in sexually explicit conduct for the purposes of producing child pornography, in violation of 18 U.S.C. § 2251(a).  On August 23, 2012, Juarez filed the motion to suppress now pending before the Court.

## DISCUSSION

Juarez argues that the first warrant authorizing the initial search of his cell phone violated the particularity requirement of the Fourth Amendment because the warrant authorized, in essence, a general search of his cell phone.  Juarez emphasizes the similarities between a modern cell phone, or "smartphone," and a computer by noting that these devices can contain vast amounts of private information.  Warrants authorizing searches of them, according to Juarez, must contain meaningful limitations on the scope of the search.  In Juarez's view, such limitations were lacking here.  Furthermore, Juarez claims that the subsequently obtained evidence, including statements he made to local authorities in the course of his arrest and to

federal officials, should be suppressed as fruits of the poisonous tree because that evidence would not have been discovered but for the initial illegal warrant.

The government counters that the warrant is sufficiently particular because it specifically identifies the crime of which Juarez was suspected and for which evidence was sought, and enumerates the types of items for which to be searched and seized. Even if the warrant was not sufficiently particular, the government argues that the Court should not apply the exclusionary rule because the officers executing the warrant did so in good faith.

For the reasons set forth below, the Court finds the initial warrant to be sufficiently particular. As such, defendant's motion is DENIED.

A. <u>The Particularity Requirement</u>

The Fourth Amendment guards against "'wide-ranging exploratory searches'" by requiring that a search warrant "describe with particularity the place to be searched and the persons or things to be seized." *United States v. Rosa*, 626 F.3d 56, 61 (2d Cir. 2010) (quoting *Maryland v. Garrison*, 480 U.S. 79, 84 (1987)). "The warrant must enable the executing officer to ascertain and identify with reasonable certainty those items that the magistrate has authorized him to seize," as well as the place to be searched. *United States v. George*, 975 F.2d 72, 75 (2d Cir. 1992) (citations omitted). Juarez does not challenge the warrant's particularity on the grounds that it fails to identify with particularity the place to be searched. Indeed, the warrant states explicitly the place to be searched: "Spring HTC Cellular Telephone, model PC36100, with serial number HT48HL10995." (Ex. B to Weil Decl. (Doc. 18-4).) Instead, the principal question raised by defendant is whether the warrant describes, with particularity, "the persons or things to be seized."

The Court of Appeals for the Second Circuit has instructed that a warrant meets the Fourth Amendment's particularity requirement when it sufficiently describes the types of evidence sought and links that evidence to the crime being investigated. In *United States v. George*, 975 F.2d 72, 75-76 (2d Cir. 1992), the court held that a warrant authorizing a search for particular types of evidence—a purse, credit cards, keys to a motorcycle, for example—as well as for "any other evidence relating to the commission of a crime" was not sufficiently particular because "nothing on the face of the warrant tells the searching officers for what crime the search is being undertaken." The warrant's authorization to search for "evidence relating to the commission of *a* crime" failed the particularity test because reference to "general criminal activity provides no readily ascertainable guidelines for the executing officers as to what items to seize." *Id*. at 76 (emphasis added). The court stressed that a warrant must contain "some limitation curtailing the officers' discretion when executing the warrant." *Id*. That limitation is often met by linking the evidence sought to the crime being investigated.

In *United States v. Bianco*, 998 F.2d 1112, 1115 (2d Cir. 1993), the court found deficient a warrant authorizing a search for "[N]otes, Ledgers, Envelopes, Papers, and Records Containing Initials, Names, Addresses, Dollar Amounts, Codes, Figures, and the Like: United States currency." The warrant contained no further limitation, nor a reference to the criminal activity of which the defendant was suspected, loan sharking. *Id*. In determining that the warrant was overly broad, the court commented that, in previous cases, it found that warrants met the particularity requirement when they describe "the possible crimes involved," or "specifications of the suspected crimes." *Id*. at 1116 (citing *United States v. Young*, 745 F.2d 733, 759 (2d Cir. 1984), *United States v. Dunloy*, 586 F.2d 6, 8 (2d Cir. 1978) and *United States v. Dennis*, 625 F.2d 782, 792 (8th Cir. 1980)); *see also United States v. Bonczek*, 08-CR-361, 2008 WL

4615853, at *11 (S.D.N.Y. Oct. 16, 2008) (noting that warrants are upheld when they identify a specific illegal activity to which the items to be seized are related); *cf. United States v. Buck*, 813 F.2d 588, 592 (2d Cir. 1987) ("The warrant only described the crimes—and gave no limitation whatsoever on the kind of evidence sought.").

The Second Circuit has not retreated from or revised this view in the wake of warrants authorizing searches of electronic devices. Hence, in *United States v. Rosa*, 626 F.3d 56, 58 (2d Cir. 2010), the court again found deficient a warrant which failed to link the type of evidence sought—computers, electronic digital storage devices, video and digital cameras, hard drives, and the like—to any criminal activity. Instead, the warrant only required that the evidence sought "tend to identify criminal conduct;" it did not "set forth the nature of the suspected criminal activity." *Id*. In addition to finding that the warrant failed to set meaningful limits on the type of evidence sought upon a search of the enumerated electronic devices, the court ruled that the warrant was defective for "failing to link the items searched and seized to the suspected criminal activity." *Id*. at 62. Stated in other terms, the court held that "the warrant failed to describe with particularity the evidence sought, and, more specifically, to link that evidence to the criminal activity supported by probable cause." *Id*. The fact that the warrant authorized a search and seizure of electronic devices did not deter the court in its analysis. *See also United States v. Burgess*, 576 F.3d 1078, 1091 (10th Cir. 2009) (finding that a warrant met the particularity requirement where, in authorizing a search of "computer records," the warrant "contained sufficiently particularized language creating a nexus with the crime to be investigated").

Thus, *George*, *Bianco*, and *Rosa* teach that a warrant satisfies the particularity requirement when it sufficiently identifies and describes the items to be searched and seized and

links that evidence to the specific criminal activity being investigated. When a warrant does so, it "ensures that the search will be carefully tailored to its justifications, and will not take on the character of wide-ranging exploratory searches." *Bianco*, 998 F.2d at 1122 (internal quotation marks and citations omitted). As applied to electronic devices, this rule similarly guards against a general search of all of the device's records, files and data.

B. <u>Application to this Case</u>

The warrant here meets the particularity requirement of the Fourth Amendment. It identifies the type of evidence to be seized as "numbers assigned to the below-described electronic device, any numbers, digits, letters and symbols stored in the memory of said device, as well as any digital photographs and video recordings," so long as that evidence tends "to demonstrate the commission of Unlawful Surveillance in the Second Degree, P.L. § 250.45(4), in the vicinity of 4th Avenue and 14th Street, New York, New York, and the commission of related crimes, and conspiracy to commit those crimes." (Ex. B to Weil Decl.) First, the evidence sought was described with particularity; it identifies photographs and video recordings as among the types of evidence sought. Second, it "linked that evidence to the criminal activity supported by probable cause." *Rosa*, 626 F.3d at 62. The warrant authorized a search for "evidence tending to demonstrate the commission of Unlawful Surveillance in the Second Degree" and related crimes, all occurring at a specific location in New York City.

The warrant here is very similar to that which was upheld on particularity grounds in *United States v. Karrer*, 460 Fed. Appx. 157 (3d Cir. 2012) (unreported). The warrant in *Karrer* authorized the search and seizure of nearly all electronic devices in the defendant's home, such as computer storage devices, cell phones, smartphones, hard drives, scanners, modems and the like, for evidence relating to the crime of unlawful contact with a minor. *Id*. at 159. As in this

case, officers executed the warrant and found child pornography images. The officers stopped

searching and obtained a second warrant authorizing a search for evidence of child pornography.

*Id*. at 160. In upholding the warrant, the court found the warrant sufficiently particular because it

"identified particular devices and file types to be searched for evidence of a specific statutory

offense." *Id*. at 161 (citing *United States v. Yusuf*, 461 F.3d 374, 395 (3d Cir. 2006)). The

warrant here does exactly that.

The warrant here is also similar to that upheld in *United States v. Black*, No. 04-CR-162-

S, 2004 WL 3091175 (W.D. Wisc. Jan. 7, 2004). In that case, the warrant authorized a search

for "items tended to evidence drug trafficking, including . . . electronic equipment and devices,

including but not limited to pagers, computers, and cellular phones and any memory data

contained therein." *Id*. at *6. Officers searched the defendant's cell phone and found a video of

the defendant in his bedroom with large piles of cash on the bed. *Id*. The defendant argued that

the warrant authorized a general search of his cell phone, which the court rejected. The court

reasoned that the warrant was sufficiently particular because it limited the search of the cell

phone and "memory data" therein to evidence "related to drug crimes, thereby limiting police

discretion and preventing the exploratory rummaging forbidden by the Fourth Amendment." *Id*.

at *7. Similarly, the warrant here properly cabined the discretion of the officers by limiting the

search to a specific phone for enumerated categories of evidence related to a specific crime.

C. Juarez's Additional Arguments

While the Court could rest here and, based on the above analysis, find the warrant

sufficiently particular, Juarez presents additional arguments that the Court will address. Juarez

correctly notes that the warrant here does contain some ambiguous terms. For example, it is not

clear to the Court what evidence constitutes "numbers assigned to the below-described electronic

device, any numbers, digits, letters and symbols stored in the memory of said device."  And authorizing a search for evidence linked to "related crimes, and conspiracy to commit those crimes" is not terribly precise.  But "where warrants contain ambiguous language, precise descriptions of some of the items to be seized along with specifications of the suspected crimes can cure the imprecision."  *Bonczek*, 2008 WL 4615853, at *12 (citing *Bianco*, 998 F. 2d at 1115-16).  Here, the warrant authorizes a search for photographs and video recordings, which sufficiently guides the officers executing the warrant to the type of evidence he may search for and seize.  Moreover, and critically, the warrant enumerates the specific crime of which Juarez is suspected—unlawful surveillance—which cures any ambiguity in the "related crimes" language.  These precise descriptions sufficiently constrain the scope of the search notwithstanding ambiguous language.

Juarez's argument to the contrary—that the "related crimes" language removes any limitations in the warrant—is unavailing.  One case on which he relies for support, *United States v. George*, invalidated a warrant on particularity grounds because it authorized a search for "any other evidence related to the commission of *a* crime."  975 F.2d at 75 (emphasis added).  The court reasoned that nothing in the warrant "tells the searching officers for what crime the search is being undertaken."  *Id*. at 76.  In contrast, here, searching officers knew the search was being undertaken to look for evidence of unlawful surveillance.  And the "related crimes" language is "logically limited" by the specific crime enumerated.  *Id*. at 75; *see also Bonczek*, 2008 WL 4615853, at *12 (ruling that a warrant was sufficiently particular where it authorized a search for

evidence demonstrating "children engaged in sexual activity, use of a child in a sexual performance, and related crimes"). [2]

Juarez's strongest argument relies on *United States v. Clark*, 31 F.3d 831 (9th Cir. 1994). In *Clark*, the court invalidated a warrant authorizing a search for "narcotic controlled substances, drug paraphernalia, marijuana cultivation equipment, instructions, notes, cultivation magazines, currency, documents, and records and fruits and instrumentalities of [a] violation of Title 21, U.S.C. § 841(a)(1)." *Id*. at 836. The court believed the phrase "fruits and instrumentalities of [a] violation of" a drug statute rendered the warrant overbroad because "the warrant provide[d] no guidance to the executing officers concerning the items to be sought or seized; anything, or any nature or description, deemed to be a fruit or instrumentality of the alleged crime would qualify." *Id*. *Clark* is out-of-circuit precedent that is not binding on this Court. More importantly, it runs counter to the Supreme Court's holding in *Andresen v. Maryland*, 427 U.S. 463 (1976). In *Andresen*, the Court found the warrant sufficiently particularized where it authorized a search for specific, enumerated types of evidence, "together with other fruits, instrumentalities and evidence of crime at this (time) unknown," so long as the evidence related to the "crime of false pretenses with respect to" a specific piece of real estate. *Id*. at 479. In the Court's view, the general language should be read as being modified by the more specific language of the warrant. *Id*. at 481-82. The sufficient warrant in *Andresen* is extremely similar to the deficient warrant in *Clark*. As such, this Court finds *Clark* unpersuasive. [3]

---

[2] More importantly, as soon as officers observed, in plain view, the images at issue in this case, they did not rest on the initial warrant alone. They obtained a second warrant authorizing them to search for evidence of child pornography offenses. (Ex. C. to Weil Decl.)

[3] Additional cases to which Juarez cites are also unavailing. In *United States v. Leary*, 846 F.2d 592 (10th Cir. 1998), the warrant at issue authorized a search for practically every type of record or document a business may have so long as those records related to violations of various export control laws. Although the warrant linked the evidence sought to the crime being investigated,

Still, Juarez argues that the warrant should have contained further limitations on the scope of the search because electronic media, including cell phones, can store significantly more amounts of personal information than paper records. Therefore, the particularity requirement is that much more important. As such, he proposes that the warrant should have contained limitations based on files types and the date files were created. In support of his argument, Juarez points to general propositions about electronic media. For example, the court in *United States v. Lucas*, 640 F.3d 168, 178 (6th Cir. 2011) observed that "there is a far greater potential for intermingling of documents and a consequent invasion of privacy when police execute a search for evidence on a computer." The court in *United States v. Otero*, 563 F.3d 1127, 1132 (10th Cir. 2009) commented, "The modern development of the personal computer and its ability to store and intermingle a huge array of one's personal papers in a single place increases law enforcement's ability to conduct a wide-ranging search into a person's private affairs, and accordingly makes the particularity requirement that much more important." And in *United States v. Flores-Lopez*, 670 F.3d 803, 804, 806 (7th Cir. 2012) the court noted that "a modern cell phone is a computer," and "even the dumbest of modern cell phones give the user access to large stores of information."

Undoubtedly, these courts are correct in their observations. But none of those cases actually support Juarez's motion. *Lucas* dealt with a defendant's consent to a search of his computer. *See* 640 F.3d at 173-79 (analyzing the voluntariness and scope of the defendant's

---

the court found the warrant insufficiently particular because the warrant authorized the search of the offices of an export company, and thus the limitation to the type of crime "provide[d] no limitation at all." *Id*. at 601. In other words, the warrant authorized "a general search" of the office. *Id*. The "related crimes" language here does not similarly transform the search into a general one. Additionally, the warrant in *Rickert v. Sweeney*, 813 F.2d 907, 909 (8th Cir. 1987) linked the evidence sought to the crimes of conspiracy and tax evasion, but the court found the general conspiracy and tax evasion statutes to be "too broad in scope to provide any real limitation on the warrant." The crime of unlawful surveillance does not suffer from this defect.

consent to search his computer). It says nothing about the Fourth Amendment's particularity requirement. The *Flores-Lopez* court confronted whether a warrantless search of a cell phone for its phone number was illegal, and ruled that the police did not need a warrant to turn on the cell phone to learn its number. 670 F.3d at 807. Again, this case says nothing about the Fourth Amendment's particularity requirement. *Otero* addressed the particularity requirement, but is distinguishable. There, the government had probable cause to believe the defendant, a mail carrier, was stealing mail and committing fraud. The warrant in question authorized a search for, among other things, any mail, credit cards, or other correspondence addressed to or belonging to residents along the defendant's mail route, as well as any and all information stored on computer media and any and all electronic devices that can create and store electronic data and files. 563 F.3d at 1130. Although the search for paper evidence was constrained because the warrant required that evidence to relate to the alleged victims' mail and the crimes of mail theft and bank fraud, the search for electronic media and devices was not limited in any similar way. The court declined to read limitations in the search for paper evidence into the warrant's authorization to search for and within, in essence, all of the electronic media in the defendant's home. *Id.* at 1133. In other words, had the warrant authorized a search for electronic media and devices, but that search was constrained by language in the warrant tying that evidence to the crimes of which the defendant was suspected, the warrant would have met the particularity requirement. In contrast, in Juarez's case, the warrant sufficiently constrains the scope of the search of Juarez's cell phone by authorizing the officer to look for evidence related to the crime of unlawful surveillance committed at a particular location.

As such, the further limitations that Juarez proposes are not necessary in this case even if they would have made the warrant more particular because "the warrant [] enable[d] the

executing officer to ascertain and identify with reasonable certainty those items that the magistrate has authorized him to seize." *George*, 975 F.2d at 75. Therefore, the Court finds that the warrant here was sufficiently particular and does not violate the Fourth Amendment.

Because the warrant was sufficiently particular, the Court need not reach the government's contention that the officers executed the warrant in good faith. *Cf. United States v. Leon*, 468 U.S. 897 (1984). Moreover, as no Fourth Amendment violation occurred, there is no "poisonous tree" and, as such, no "poisonous fruit" warranting suppression. *See United States v. Antonelli*, 434 F.2d 335, 338 (2d Cir. 1970) ("[W]here there is no 'poisonous tree' there can be no 'fruit.'").

## CONCLUSION

For the reasons set forth above, Simpson's suppression motion (Doc. No. 18) is denied.

SO ORDERED.

Dated: Brooklyn, New York
      January 28, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge